ORDERED.

**Dated:  February 07, 2025**

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 8:24-bk-05506-RCT |
| | Chapter 13 |
| MICHAEL CRUZ IRIZARRY | |
| Debtor(s)[1] | |
| _____/ | |

### ORDER CONTINUING AND RESCHEDULING CONFIRMATION HEARING AND HEARING ON OBJECTIONS TO CONFIRMATION

THIS CASE came on for a duly-scheduled Confirmation Hearing on February 5, 2025 and it appearing that more time was required to consider confirmation, and the Court, having heard argument of counsel and being otherwise duly advised in the circumstances, it is

**ORDERED:**

1. The Confirmation Hearing and Hearing on Objections to Confirmation is hereby rescheduled to March 5, 2025 at 11:00 a.m., before the Honorable Roberta A. Colton, United States Bankruptcy Judge, in Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

2. All parties may attend the hearing in person. Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gov/judges/colton.

---

[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

3. The Debtor must appear at the rescheduled confirmation hearing. In the event the Debtor fails to appear in proper prosecution of the case, the Court may enter an order denying confirmation and dismissing the case.

4. The Trustee, in submitting this order, notes the following in this case:

   a. It appears that the foreclosure attorney's fees would be included in Claim 2 and are not a separate claim held by the foreclosure attorneys.

   b. The monthly payment and arrears described in Claim 2 are more than that anticipated by the Debtor in the Chapter 13 Plan and at present the Chapter 13 Plan is underfunded. The creditor has also filed a notice of payment change and post-petition fees which should be addressed.

   c. The amended schedule C filed by the Debtor claims all assets other than the primary house as exempt under Florida Statutes §222.25(4), while at the same time claiming the primary house as exempt under Article X, §4 of the Florida Constitution and Florida Statutes §222.01. However, Florida Statutes §222.25(4) specifically provides: "A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." Florida Statutes §222.01 specifically incorporates Article X, §4 of the Florida Constitution, and tells a person how to make a statement in writing that they are claiming the constitutional exemption. Accordingly, the Debtor may not appear to be able to use Florida Statutes §222.25(4) for personal property.

   d. The Trustee needs an updated profit and loss statement for the Debtor's business from September – December 2024, and business bank statements for March – December 2024.

   e. The Trustee needs informed whether the Debtor's spouse is now employed.

   f. The Trustee directs the Debtor to the Trustee's position described in the Recommendation involving the required distribution to allowed unsecured creditors and issues regarding the Debtor's filed Official Form 122-C (although the arrearage on the mortgage claim may affect this).

Trustee Kelly Remick is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.
KR/LMG/jn                                                                                                              2/6/25